# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

*United States of America v. Alando Mark Modeste*
Case No. 3:19-cr-00072-TMB-MMS

By:          THE HONORABLE TIMOTHY M. BURGESS

PROCEEDINGS:     ORDER FROM CHAMBERS

The matter comes before the Court on the Magistrate Judge's Final Report and Recommendation ("R&R")[1] recommending the Court deny Defendant Alando Mark Modeste's Motion for Recusal at Docket 177 (the "Motion").[2] Modeste objects to the R&R.[3] Pursuant to statute, the Court has conducted a *de novo* review of the record.[4] Based on that review, and in consideration of the applicable law, the Court **ACCEPTS and ADOPTS** the R&R at Docket 183 in its entirety. For the reasons discussed below, the Motion at Docket 177 is **DENIED**.

In the Motion, Modeste asserts that the Magistrate Judge committed several cumulative errors that warrant recusal because they deprived Modeste of due process and show that the Magistrate Judge "is biased and partial to the government."[5] Specifically, Modeste disputes the Magistrate Judge's findings that: (1) records of K-9 Donna's initial training "do not exist" and were therefore not withheld by the Government;[6] (2) Modeste's Confrontation Clause rights were not violated;[7] and (3) K-9 Donna's certification and the Division of Alaska State Troopers' K-9 certification program are legitimate, despite some evidence that "raise[d] questions [about] the[ir] credibility."[8]

The Government opposes, characterizing Modeste's evidence of purported impartiality as no more than "adverse rulings," which alone cannot serve as a basis for recusal.[9]

---

[1] Dkt. 183 (Final R&R).
[2] Dkt. 177 (Motion).
[3] Dkt. 184 (Objections).
[4] 28 U.S.C. § 636(b)(1)(C) ("Within fourteen days after being served with a copy [of the magistrate judge's proposed findings and recommendations], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge.").
[5] Dkt. 177 at 15, 20–21.
[6] *Id.* at 10, 13–14.
[7] *Id.* at 16–17.
[8] *Id.* at 19.
[9] Dkt. 179 at 1–3 (Opposition).

1

In the R&R, the Magistrate Judge recommends denying the Motion because the record shows that Modeste "was given a full and fair opportunity to litigate his issues," and because Modeste cites only adverse rulings without any extrajudicial source suggesting a basis for recusal.[10] The Magistrate Judge also observes that neither Modeste nor Modeste's counsel complied with the procedural requirements of 28 U.S.C. § 144, which provides that a motion to recuse must be accompanied by a "sufficient affidavit" that: (1) "state[s] the facts and the reasons for the belief that bias or prejudice exists"; and (2) is "accompanied by a certificate of counsel of record stating that it is made in good faith."[11] Based on this omission, the Magistrate Judge notes that Modeste's counsel "walk[ed] a fine ethical line by emphasizing that this motion was filed at Modeste's request, and that [Modeste's counsel's] role was ministerial in nature."[12]

Modeste objects, reiterating the arguments in the Motion and taking issue with the Magistrate Judge's "insinuat[ion] that [Modeste's counsel] is walking a fine ethical line" as an "unjustified perplexing personal attack on [Modeste's counsel's] integrity."[13]

Judicial recusal is governed by two separate but related statutes. The first, 28 U.S.C. § 144, "provides a procedure for a party to recuse a judge."[14] The second, 28 U.S.C. § 455, requires a judge to "disqualify himself in any proceeding in which his impartiality might reasonably be questioned," including cases "[w]here he has a personal bias or prejudice concerning a party[.]"[15] The substantive standard under both statutes is identical.[16] When reviewing a motion for recusal, courts ask "[w]hether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned," or "perceive[] a significant risk that the judge will resolve the case on a basis other than the merits."[17] In this context, a reasonable person "is not someone who is 'hypersensitive or unduly suspicious,' but rather is a 'well informed, thoughtful observer.'"[18]

To prevail on a motion to recuse, the movant must generally identify an extrajudicial source of the judge's opinion: "something other than rulings, opinions formed or statements made by the judge

---

[10] Dkt. 183 at 1–3.
[11] *Id.* at 1 (alteration in R&R).
[12] *Id.* at 1–2.
[13] Dkt. 184 at 1–5.
[14] *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993).
[15] Although Modeste nominally brings the Motion under § 455, *see* Dkt. 177 at 1, § 144 sets forth the procedures he was required to follow in doing so. § 144 also provides that "another judge shall be assigned to hear" a motion for recusal. Modeste does not object to the Magistrate Judge's consideration of the Motion and issuance of the R&R. To the extent that it may have been error for the Magistrate Judge to address the Motion, any such error was harmless in light of the Court's *de novo* review of the matter.
[16] *United States v. Hernandez*, 109 F.3d 1450, 1453 (9th Cir. 1997).
[17] *Id.* (alteration in *Hernandez*) (quoting *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986)); *United States v. Holland*, 519 F.3d 909, 913 (9th Cir. 2008) (citing *In re Mason*, 916 F.2d 384, 385 (7th Cir. 1990)).
[18] *Holland*, 519 F.3d at 913.

during the course of trial."[19] "Typically, the Supreme Court has only mandated recusal where a judge has a direct, personal, or substantial connection to the outcome of a case or to its parties."[20] Recusal "was never intended to enable a discontented litigant to oust a judge because of adverse rulings made[.]"[21]

Having reviewed the R&R, Modeste's objections, and the record, the Court concludes that the objections do not merit revision or rejection of the R&R. Between the Motion and the objections, Modeste dedicates 26 pages of briefing to essentially argue one point: that several of the Magistrate Judge's rulings were incorrect or otherwise flawed.[22] Absent more, the Court cannot make the logical leap that these rulings demonstrate bias or partiality.[23] The Court further notes that Modeste has already raised substantively similar concerns in his Motion to Suppress and in his Objections to the Magistrate Judge's R&R on that motion.[24] A motion for the Magistrate Judge's recusal is not a proper avenue to continue to advance these arguments.

Finally, the Court disagrees with Modeste's suggestion that the Magistrate Judge launched a "personal attack on [Modeste's counsel's] integrity" due to counsel's race.[25] Modeste seems to argue that the Magistrate Judge failed to provide a basis for concluding that his counsel "walk[ed] a fine ethical line by emphasizing that this motion was filed at Modeste's request, and that [Modeste's counsel's] role was ministerial in nature."[26] To the contrary, however, the Magistrate Judge substantiated this comment by noting that Modeste and Modeste's counsel failed to satisfy the procedural requirements of 28 U.S.C. § 144, which include providing a certificate by counsel that a motion for recusal is made "in good faith."[27] The Magistrate Judge's statements indicate reasonable concerns that the Motion may have come close to being frivolous, considering its meritless arguments and Modeste's counsel's repeated insistence that he filed the Motion at his

---

[19] *See id.* at 913–14; *see also Liteky v. United States*, 510 U.S. 540, 555 (1994) (noting that although the presence of an extrajudicial source of a judge's opinion does not definitively establish bias or lack thereof, it is a "significant (and often determinative)" factor in bias or partiality challenges).
[20] *In re Complaint of Judicial Misconduct*, 816 F.3d 1266, 1267 (9th Cir. 2016).
[21] *Liteky*, 510 U.S. at 549 (quoting *Ex parte American Steel Barrel Co.*, 230 U.S. 35, 44 (1913)).
[22] *See, e.g.*, Dkt. 177 at 2 (contending that the Magistrate Judge's conclusion that "the government has produced everything that they could produce" was "incorrect" because evidence showed that these records "should" exist), 13–14 (arguing that Modeste made a plausible showing . . . that . . . [the allegedly withheld records of K-9 Donna's training] would have been material and favorable" to his defense), 15 (taking issue with the Magistrate Judge's weighing of "contradict[ory]" evidence).
[23] *See Holland*, 519 F.3d at 914 ("[T]he judge's conduct during the proceedings should not, except in the 'rarest of circumstances' form the sole basis for recusal." (footnote omitted) (quoting *Liteky*, 510 U.S. at 555)).
[24] *See* Dkt. 123 (Motion to Suppress); Dkt. 169 (Objections).
[25] *See* Dkt. 184 at 5.
[26] *Id.* at 1–2.
[27] Dkt. 183 at 1–2.

3

client's request.[28] The Magistrate Judge's statements do not indicate that the Magistrate Judge was "belittl[ing]" Modeste's counsel at all, let alone because of counsel's race.[29]

Seeing no basis to question the Magistrate Judge's partiality in this case, the Court concludes that Modeste's outstanding objections do not merit revision or rejection of the R&R. Accordingly, the Court **ACCEPTS AND ADOPTS** the R&R at Docket 183 in its entirety and **DENIES** the Motion at Docket 177.

Entered at the direction of the Honorable Timothy M. Burgess, United States District Judge.

DATE: April 18, 2023.

---

[28] Dkt. 177-1 (Butler Declaration); *see also* Alaska R. Professional Conduct 3.1 ("A lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a non-frivolous basis in law and fact for doing so, including a good faith argument for an extension, modification or reversal of existing law."); L. Civ. R. 83.1(h) ("The standards of the Alaska Rules of Professional Conduct apply to any attorney admitted to practice in this court.").

[29] The Court acknowledges that racism is "deeply embedded in systems, laws, written or unwritten policies, and entrenched practices and beliefs that produce, condone, and perpetuate widespread unfair treatment and oppression of people of color." Paula A. Braveman et al., *Systemic And Structural Racism: Definitions, Examples, Health Damages, And Approaches To Dismantling*, 41 HEALTH AFFAIRS 171 (2022). The criminal justice system is no exception to this fact. *See* Shasta N. Inman, *Racial Disparities in Criminal Justice*, AM. BAR ASS'N, https://www.americanbar.org/groups/young_lawyers/publications/after-the-bar/public-service/racial-disparities-criminal-justice-how-lawyers-can-help/ (last visited Mar. 29, 2023). At the same time, the Court cannot accept Modeste's counsel's purely speculative assertion that the Magistrate Judge has treated him unfairly because of his race.