IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

*United States of America v. Alando Mark Modeste*
Case No. 3:19-cr-00072-TMB-MMS

By: THE HONORABLE TIMOTHY M. BURGESS

PROCEEDINGS: ORDER FROM CHAMBERS

The matter comes before the Court on Chief Magistrate Judge Scoble's Final Report and Recommendation ("R&R")[1] recommending the Court deny Defendant Alando Mark Modeste's Motion to Suppress at Docket 123 (the "Motion").[2] Modeste objects to the R&R.[3] Pursuant to statute, the Court has conducted a *de novo* review of the record.[4] Based on that review, and in consideration of the applicable law, the Court **ACCEPTS and ADOPTS** the R&R at Docket 84 in its entirety for the reasons discussed below. Accordingly, the Motion at Docket 123 is **DENIED**.

### A. Background

The Court assumes the parties' familiarity with the underlying facts and procedural history of this case, relevant portions of which are accurately detailed in the R&R.[5] In June 2019, following a traffic stop by the Kenai Police Department and a dog sniff by Division of Alaska State Troopers ("AST") K-9 "Donna," police found alleged drugs and a gun in Modeste's vehicle. Modeste is charged by indictment with Possession of Controlled Substances with Intent to Distribute,[6] Carrying a Firearm During Drug Trafficking Crime,[7] and Felon in Possession of a Firearm.[8]

The Motion seeks suppression of all evidence obtained from the search of Modeste's vehicle, arguing that (1) K-9 Donna's reliability was questionable and (2) the Government failed to meet

---

[1] Dkt. 174 (Final R&R).
[2] Dkt. 123 (Motion).
[3] Dkt. 169 (Defense Objections).
[4] 28 U.S.C. § 636(b)(1)(C) ("Within fourteen days after being served with a copy [of the magistrate judge's proposed findings and recommendations], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge.").
[5] *See* Dkt. 174 at 3–5.
[6] 21 U.S.C. § 841(a)(1), (b)(1)(B)–(C).
[7] 18 U.S.C. § 924(c)(1)(A)(i).
[8] 18 U.S.C. §§ 922(g)(1), 924(a)(2); Dkt. 2 (Indictment).

1

its discovery obligations under federal law.[9] The Motion further seeks dismissal of the case based on various alleged constitutional violations.[10]

### B. R&R and Objections

In the R&R, the Magistrate Judge recommends that the Court deny the Motion.[11] First, the Magistrate Judge concludes that although AST's discovery violations in *United States v. Conner*[12] adversely affected Modeste's due process rights, these adverse effects were ultimately cured by the Government's subsequent, and apparently complete, provision of discovery regarding K-9 Donna.[13] Therefore, according to the Magistrate Judge, "the extreme remedy of dismissal is unwarranted, and suppression, based on failure to provide discovery, is inappropriate."[14]

Second, the Magistrate Judge concludes that suppression based on K-9 Donna's reliability is unwarranted because the Government "conclusively established" K-9 Donna was reliable.[15] In support, the Magistrate Judge references: (1) Sergeant Brian Zeisel and Trooper Jason Woodruff's testimonies, including Sergeant Zeisel's "detailed testimony" as to the "rigorous testing and certification carried out at AST's K-9 Academy"; (2) K-9 Donna's training certifications; (3) "the four years that Trooper Woodruff and K-9 Donna have worked as a team"; and (4) "the significant amount of certification training hours the two . . . completed in 2018, 2019, and 2020."[16] The Magistrate Judge notes that "these indicia of reliability . . . [are] not defeated by [K-9 Donna's] two false indications during certification searches."[17]

Modeste's unresolved objections are summarized as follows.[18] First, Modeste objects to the Magistrate Judge's conclusion that K-9 Donna was reliable.[19] Second, Modeste objects to the

---

[9] Dkt. 123.
[10] *Id.*
[11] Dkt. 174 at 3.
[12] No. 3:20-cr-00002-JMK, 2022 WL 160495 (D. Alaska Jan. 18, 2022).
[13] Dkt. 174 at 6.
[14] *Id.* at 7.
[15] *Id.* at 9.
[16] *Id.* at 8–10.
[17] *Id.* at 9.
[18] Modeste submitted several objections to the Initial R&R. Dkt. 169 (Objections to Initial R&R). The Magistrate Judge amended the Initial R&R only in response to Modeste's objection that Trooper Woodruff and K-9 Donna had not completed 400 hours of training between June 14, 2018 (when Trooper Woodruff first acquired K-9 Donna) and July 11, 2018 (when a certificate was issued showing that the pair had completed 400 hours of training). *See* Dkt. 169 at 3; Dkt. 174 at 12. Modeste then submitted additional objections to the Final R&R, some of which reiterate his objections to the Initial R&R. Dkt. 175 (Objections to Final R&R). Other objections, however, appear to raise arguments presented for the first time: for example, that suppression is warranted because AST did not abide by its own K-9 record-keeping policies and procedures. *See* Dkt. 175. The Court exercises its discretion to decline to consider these new arguments. *See United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000), *cert. denied*, 534 U.S. 831 (2001).
[19] Dkt. 169 at 2.

Magistrate Judge's finding that AST is a "bona fide organization" for purposes of K-9 training and certification.[20] And third, Modeste objects to what he terms as the Magistrate Judge "overlook[ing] the fact that [his] due process rights were violated."[21]

   *C. Discussion*

Having reviewed the R&R, Modeste's objections, and the record, the Court concludes that the objections do not merit revision or rejection of the R&R. The Court assesses each of Modeste's objections in turn.

   1. <u>The Magistrate Judge Did Not Err by Concluding that K-9 Donna Was Reliable</u>

Modeste objects to the R&R's conclusion that K-9 Donna was reliable on the grounds that (1) Trooper Woodruff's training logs were incomplete and imprecise, and (2) K-9 Donna's certification was "likely fabricated."[22]

       *a. Trooper Woodruff's Training Logs*

First, Modeste argues that because the Magistrate Judge found that K-9 Donna's training records are "incomplete and imprecise," it is "impossible . . . to assess [her] reliability."[23] Modeste relies largely on *United States v. Thomas*, where the Ninth Circuit held that the government improperly supplied "heavily redacted records" concerning the K-9 at issue.[24] The court explained that these records had "hamstrung" defense counsel's ability to challenge the dog's reliability, violating the principle that defendants requesting dog-history discovery in pursuit of a motion to suppress must be afforded the opportunity to challenge evidence of the dog's reliability.[25] Furthermore, the court rejected the government's argument that admission of drug evidence obtained from the dog sniff was harmless error because, based on the redacted records, the court could not discern whether "nothing in those documents . . . would have changed the ultimate determination that the agents had [probable cause] to support their search."[26]

Modeste's objection to the thoroughness of K-9 Donna's training records does not resemble the problem with the redacted records in *Thomas*. In *Thomas*, the concern was that the government's

---

[20] *Id.* at 3–4.
[21] *Id.* at 5.
[22] *Id.* at 2; Dkt. 175 at 3, 5.
[23] Dkt. 169 at 2.
[24] 726 F.3d 1086, 1096 (9th Cir. 2013).
[25] *Id.* (citing *United States v. Cedano-Arellano*, 332 F.3d 568, 570–71 (9th Cir. 2003) (holding that in such cases Federal Rule of Criminal Procedure 16 compels the government to disclose the "handler's log," as well as "training records and score sheets, certification records, and training standards and manuals" pertaining to the dog); *Florida v. Harris*, 568 U.S. 237, 246–47 (2013) (holding that defendants must be afforded the opportunity to challenge "evidence of a dog's reliability, whether by cross-examining the testifying officer or by introducing his own fact or expert witnesses").
[26] *Id.* at 1097 (second alteration in original) (quoting *Cedano-Arellano*, 332 F.3d at 574).

3

deliberate redactions "obscure[d] comments on nearly every page of the records" and left the defendant "entirely in the dark" as to certain portions of the records.[27] Here, in contrast, Modeste takes issue with Trooper Woodruff's omissions from his logbook, which do not pertain to any failure to provide existing, responsive discovery.

To the extent Modeste argues that K-9 Donna's "incomplete and imprecise" training records demonstrate that the Government failed to fulfill its discovery obligations—or that "full information" pertaining to K-9 Donna's reliability would have affected the determination of whether there was probable cause to support the K-9 search—this objection is overruled.[28] Modeste identifies no precedent suggesting that Trooper Woodruff's logbook was required to contain any particular information. And as the Magistrate Judge observes, "Modeste was provided with the relevant records that were discovered after *Conner*" and represented that he did not believe he lacked any discovery.[29] Therefore, the Court is unconvinced there is a basis for finding the Government has withheld discovery post-*Conner* or that Modeste did not have an adequate opportunity to challenge evidence of K-9 Donna's reliability.[30]

Furthermore, although Trooper Woodruff's record-keeping was not exemplary, as evinced by the fact that he did not record the "blank searches" he conducted with K-9 Donna, the Court cannot conclude that K-9 Donna was unreliable based on these omissions alone.[31] As discussed below, the evidence regarding K-9 Donna's training and certifications, including her performance during certification runs, outweighs any ambiguity about her reliability that stems from Trooper Woodruff's records.

Therefore, the Court declines to amend or reject the R&R's conclusion that K-9 Donna was reliable based on Trooper Woodruff's imperfect training logs.

b. *K-9 Donna's Certification*

Second, Modeste argues that the R&R "overlook[s]" the fact that K-9 Donna's July 2018 PSD 1&2 Certificate appears to erroneously provide that Trooper Woodruff and K-9 Donna completed 400 hours of training in less than a month's time.[32] Although the Magistrate Judge amended the

---

[27] *Id.* at 1096.
[28] *See* Dkt. 169 at 2.
[29] Dkt. 174 at 11; Dkt. 151 at 4 (Transcript of Proceedings 08/12/2022).
[30] As the Magistrate Judge observes, Modeste "effectively leveraged" the records provided "in extensive cross-examination of the government's witnesses about the various omissions and shortcomings of those records." Dkt. 173 at 11.
[31] *See* Dkt. 162 at 48–51 (Transcript of Proceedings 09/22/2022); *United States v. Cruz*, 400 F. Supp. 3d 844, 857 (D. Ariz. 2019) ("Defendant argues that [the K-9] had too many false positives to be reliable, but the inadequate records in this case make the error rate impossible to calculate. [The K-9 handler's] record-keeping clearly was insufficient, but the Court cannot conclude that this proves [the K-9's] unreliability when he was certified through testing in a controlled setting, by a bona fide organization, both before and after the dog search in this case.").
[32] Dkt. 175 at 3; *see also* Dkt. 169 at 5.

R&R to reflect this point, Modeste contends that this inconsistency is a more "fundamental issue" that suggests that K-9 Donna's certification is "likely fabricated."[33]

Although the precise extent to which K-9 Donna and Trooper Woodruff trained together before receiving the July 2018 certificate is not clear, this uncertainty does not defeat the presumption of reliability properly applied by the Magistrate Judge. The Supreme Court in *Florida v. Harris* held that "evidence of a dog's satisfactory performance in a certification or training program can itself provide sufficient reason to trust his alert."[34] The Court clarified that courts may presume a dog's reliability, subject to conflicting evidence, if (1) "a bona fide organization has certified [the] dog after testing his reliability in a controlled setting, or (2) "if the dog," even in the absence of formal certification, "has recently and successfully completed a training program that evaluated his proficiency in locating drugs."[35] As explained below, the record shows that AST is a bona fide organization, one that certified K-9 Donna as a drug detector dog on multiple occasions after July 2018—including in May 2019, about a week before the search of Modeste's vehicle.[36] In her 2019 certification run, K-9 Donna passed with an "average" score of 2.53.[37] Modeste does not dispute this evidence, which provides a strong measure of K-9 Donna's reliability that is undisturbed by any lingering questions about the July 2018 certification.[38]

Therefore, the Court declines to amend or reject the R&R's conclusion that K-9 Donna was reliable based on any ambiguities surrounding her July 2018 certification.

   2. The Magistrate Judge Did Not Err by Finding that AST Is a Bona Fide Organization

Modeste objects to the Magistrate Judge's finding that AST is a "bona fide organization" for purposes of K-9 training and certification, challenging AST's "cavalier [record-keeping] attitude" and initial failure to fully disclose K-9 Donna's training records.[39] Regarding the latter, Modeste specifically contends that the Government and AST "knew that Modeste was entitled to K-9 training records and thus knew they had a duty to gather and hold the same," yet "continued to disregard this requirement over Modeste's constant objections."[40]

The Magistrate Judge responds that Modeste "misconstrues the meaning of 'bona fide' as mentioned in *Harris* and its progeny. . . . AST's K-9 Academy is a legitimate enterprise that has learning objectives, a robust lesson plan, and clear standards for evaluating K-9 teams."[41] The Magistrate Judge "credits Sergeant Zeisel's testimony that explained the training and testing process for both certifications," and notes that "[i]t is difficult to reconcile Modeste's objection

---

[33] Dkt. 175 at 3.
[34] 568 U.S. 237, 246–47 (2013).
[35] *Id.*
[36] Gov. Ex. 11.
[37] *Id.*
[38] *See* 568 U.S. at 246 ("The better measure of a dog's reliability . . . comes away from the field, in controlled testing environments.").
[39] Dkt. 169 at 3–4.
[40] *Id.* at 4.
[41] Dkt. 174 at 12 (internal quotation marks omitted).

5

with the fact that he *declined* to contest the adequacy of the certification or training program" at the evidentiary hearing.[42]

The Court agrees with the Magistrate Judge's disposition of Modeste's objection for these same reasons. Therefore, the Court declines to amend or reject the R&R's finding that AST is a bona fide organization.

> 3. The Magistrate Judge Did Not Overlook the Violation of Modeste's Due Process Rights

Finally, Modeste argues that the R&R does not properly address the due process concerns stemming from the Government's delay in providing discovery to him.[43] The R&R responds to this objection by stating that "to the contrary[,] th[e] [Magistrate Judge] emphasized that, pre-*Conner*, Modeste had been deprived of his right to adequately contest K-9 Donna's reliability," but ultimately concluded that "[s]uch due process concerns . . . were dissipated . . . by [the] government's subsequent discovery [provided to Modeste], the latitude given to Modeste by the extension of motion deadlines, and the number of evidentiary hearings held."[44] The Court agrees with the Magistrate Judge's disposition of this objection and declines to reject or amend the R&R on this basis.

### D. Conclusion

The Court concludes that Modeste's outstanding objections do not merit revision or rejection of the R&R. Accordingly, the Court **ACCEPTS AND ADOPTS** the R&R at Docket 174 in its entirety and **DENIES** the Motion at Docket 123.

Entered at the direction of the Honorable Timothy M. Burgess, United States District Judge.

DATE: April 18, 2023.

---

[42] *Id.* (emphasis added).
[43] Dkt. 169 at 5.
[44] Dkt. 174 at 11.