IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

*United States of America v. Alando Mark Modeste*
Case No. 3:19-cr-00072-TMB-MMS-1

By:             THE HONORABLE TIMOTHY M. BURGESS

PROCEEDINGS:     ORDER FROM CHAMBERS

The matter comes before the Court on Defendant Alando Mark Modeste's *pro se* "motion for expedited reconsideration on order granting deposition, and request for sanctions for *Brady* and *Giglio* violations" (the "Motion").[1] The United States filed a response in opposition.[2] Modeste requested oral argument, on which the United States took no position. Upon review, the Court finds oral argument would not be helpful in ruling on the Motion and determines the issues on the briefing. For the reasons discussed below, the Motion is **DENIED**.

On January 3, 2024, the United States filed a motion for deposition of a prospective trial witness seeking to preserve Steven Thungc's narrow testimony regarding the condition of a vehicle Thungc sold to Modeste.[3] The United States reported that Thungc suffers from health conditions that prevent him from traveling to Alaska to testify, but that he has indicated he is available and willing to testify via video or telephone.[4] In a response in partial opposition, Modeste's counsel at the time clarified that Modeste did not oppose Thungc's deposition "so long as [Modeste] can listen in and consult with counsel during the deposition."[5]

On January 24, 2024, the Court granted the United States' deposition motion based on the narrow scope of Thungc's testimony and his serious and worsening health conditions, and imposed the following conditions: (1) "[t]he Government may conduct Thungc's preservation deposition by video; and (2) [t]he Government shall confer with defense counsel and BOP in scheduling the deposition to ensure that Modeste is able to listen to the deposition and consult with counsel during the deposition."[6]

Also on January 24, 2024, the Court held a trial status hearing.[7] Modeste claimed he did not know about the United States' deposition motion, and he was provided a copy of the motion and his

---

[1] Dkt. 273 (Motion for Expedited Reconsideration) at 1.
[2] Dkt. 274 (United States Response in Opposition).
[3] Dkt. 249 (Motion for Deposition) at 2, 4.
[4] *Id.* at 1–3.
[5] Dkt. 257 (Modeste Response in Partial Opposition).
[6] Dkt. 270 (Order).
[7] Dkt. 272 (Minute Entry).

-1-

response in partial opposition.[8] The Court arranged for the deposition to be scheduled in Courtroom 1 for February 13, 2024, to facilitate Modeste's ability to participate.[9]

On February 2, 2024, Modeste filed the Motion, arguing that allowing Thungc's deposition "would be a violation of his Due Process rights under the Fourteenth Amendment, and his rights under the Confrontation Clause of the Sixth Amendment," and requesting that Thungc's testimony "be stricken from the record."[10] Modeste alleges that the police report detailing law enforcement's interview with Thungc "has not been produced to [him] nor any of his defense attorneys."[11] Modeste argues this failure to disclose Thungc's testimony, as material evidence "relat[ing] to ownership and custody of the vehicle in which the firearm and drugs were found,"[12] constitutes a violation of *Brady v. Maryland*[13] and *Giglio v. United States*[14] and deprives Modeste of his due process rights.[15] He further argues that the United States' "failure to disclose requested impeachment evidence that the defense could use to conduct an effective cross-examination of important prosecution witnesses" violates his right to confront witnesses under the Confrontation Clause.[16] He urges the Court to reconsider its order granting the United States' deposition motion, and requests sanctions on the United States for alleged "prosecutorial misconduct."[17]

On February 5, 2024, the United States filed a response in opposition to the Motion.[18] Contrary to Modeste's assertions, the United States argues it provided the police report documenting Thungc's statements to Modeste and his counsel on February 7, 2022, and that "[Modeste], and his previous counsel, have been in possession of this report for nearly two years."[19] Thus, the United States contends Modeste's claim that "the government has withheld the report relating to Mr. Thungc's interview [] is demonstrably false" and his Motion should be denied.[20]

The Court construes the Motion as a motion for reconsideration under Local Criminal Rule ("Rule") 47.1(g)(1).[21] Although not expressly authorized by the Federal Rules of Criminal

---

[8] *Id.*
[9] *Id.*
[10] Dkt. 273 at 1, 7.
[11] *Id.* at 2.
[12] *Id.* at 6.
[13] 373 U.S. 83, 87 (1963) (holding that "suppression by the prosecution of evidence favorable to an accused upon request violates due process where evidence is material either to guilt or to punishment, irrespective of good faith or bad faith of the prosecution").
[14] 405 U.S. 150, 154–55 (1972) (finding prosecution's failure to disclose alleged promise to key witness to not prosecute constituted violation of prisoner's due process rights, where "without [witness's testimony] there could have been no indictment and no evidence to carry the case to the jury").
[15] Dkt. 273 at 6.
[16] *Id.* at 3–5, 7 (citing *Davis v. Alaska*, 415 U.S. 308 (1974)).
[17] *Id.* at 2, 7.
[18] Dkt. 274.
[19] *Id.* at 2.
[20] *Id.*
[21] L. Civ. R. 47.1(g)(1).

Procedure, "post-judgment motions for reconsideration may be filed in criminal cases."[22] Under Rule 47.1(g)(1), a "court will ordinarily deny a motion for reconsideration absent a showing of one of the following: [A] manifest error of the law or fact; [B] discovery of new material facts not previously available; or [C] intervening change in the law."[23] Under Ninth Circuit law, a motion to reconsider is an "extraordinary remedy, to be used sparingly and in the interests of finality and conservation of judicial resources."[24]

Since Modeste raises no new material facts not previously available and no intervening change in the law, the Court construes Modeste's arguments as regarding a "manifest error of the law or fact."[25] Under Rule 47.1(g), such motions must be filed within seven days of the entry of the order.[26] Modeste submitted the Motion to Anchorage Correctional Complex authorities on January 29, 2024,[27] and the Motion was filed on February 2, 2024.[28] Although the Motion was filed on the docket more than seven days after the entry of the Order, Modeste's Motion is timely under the prison mailbox rule. Under the prison mailbox rule, "a motion by a *pro se* litigant is deemed filed at the moment it is delivered to prison authorities for forwarding to the court clerk."[29] "A prisoner who delivers a document to prison authorities gets the benefits so long as [the prisoner] diligently follows up once [the prisoner] has failed to receive a disposition from the court after a reasonable period of time."[30] Thus, the Motion is timely.

Moving to the merits, the Court finds Modeste has not shown a "manifest error of the law or fact" or other basis for reconsideration under Rule 47.1(g)(1). Modeste's Motion hinges on his allegation that the United States failed to disclose the police report detailing Thungc's interview and that "[t]his interview was and is being withheld from Mr. Modeste for tactical advantage."[31] However, according to the U.S. Attorney's Office discovery log, the United States shared this report with Modeste at Bates #1473 on February 7, 2022—precisely one month following Thungc's interview with law enforcement on January 7, 2022.[32] Thus, Modeste has had access to this report and Thungc's statements regarding the vehicle for almost two years. As the United States promptly shared this report with Modeste, the Court finds that the United States has not deprived Modeste of his due process rights under the disclosure requirements of *Brady* and *Giglio*.

---

[22] *United States v. Martin*, 226 F.3d 1042, 1047 (9th Cir. 2000) (citing *United States v. Clark*, 984 F.2d 31, 33 (2d Cir. 1993)).
[23] L. Crim. R. 47.1(g)(1).
[24] *Big State Logistics, Inc. v. Gov't Servs. Corp.*, No. 4:13-cv-00029, 2014 WL 12526313, at *1 (D. Alaska Mar. 28, 2014) (quoting *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003)); *see also Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).
[25] *See* L. Crim. R. 47.1(g)(1)(A).
[26] L. Crim. R. 47.1(g)(2)(A).
[27] Dkt. 273 at 9.
[28] Dkt. 273.
[29] *United States v. Rivera*, No. 2:19-CR-87-RMP-1, 2022 WL 2840474, at *2 (E.D. Wash. July 20, 2022) (citing *Houston v. Lack*, 487 U.S. 266, 276 (1988); *Huizar v. Carey*, 273 F.3d 1220, 1222 (9th Cir. 2001)).
[30] *Huizar v. Carey*, 273 F.3d 1220, 1223 (9th Cir. 2001).
[31] Dkt. 273 at 5.
[32] Dkt. 274-1 (Report of Investigation); Dkt. 274-2 (Discovery Log) at 1.

Moreover, the Court finds that the United States also has not deprived Modeste of his rights to confront witnesses under the Confrontation Clause. Federal Rule of Criminal Procedure ("Rule") 15 provides that "a prospective witness [may] be deposed in order to preserve testimony for trial" when justified by "exceptional circumstances and in the interest of justice." The Sixth Amendment's Confrontation Clause guarantees that a defendant holds "the right . . . to be confronted with the witnesses against him."[33] "When the government is unable to secure a witness's presence at trial, Rule 15 is not violated by the admission of videotaped testimony so long as the government makes diligent efforts to secure the defendant's physical presence at the deposition and, failing this, employs procedures that are adequate to allow the defendant to take an active role in the deposition proceedings."[34] As previously ordered, Modeste will be able to observe Thungc's deposition and will be able to consult with his stand-by counsel during the deposition.[35] Further, Modeste fails to substantiate, and the Court is unpersuaded by, his claim that "three weeks to prepare for a deposition is highly unfair."[36] Therefore, Modeste has not shown a "manifest error of the law or fact" or other basis for reconsideration under Rule 47.1(g)(1).

Finally, the Court declines to impose sanctions. Rule 37(c) permits the Court to impose sanctions "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e) . . . unless the failure was substantially justified or is harmless." Modeste requests "sanctions for *Brady*/*Giglio* violations" solely on the basis that the United States failed to disclose the law enforcement report following Thungc's interview.[37] However, the United States demonstrated that it produced the law enforcement report two years ago, and exactly one month following the interview.[38] Seeing no evidence of the alleged "*Brady*/*Giglio* violations," the Court concludes that sanctions on the United States are not warranted.

Accordingly, and for the foregoing reasons, the Motion at Docket 273 is DENIED.

Entered at the direction of the Honorable Timothy M. Burgess, United States District Judge.

DATE: February 9, 2024.

---

[33] U.S. CONST. amend. VI.
[34] *United States v. Medjuck*, 156 F.3d 916, 920 (9th Cir. 1998) (finding Rule 15's presence requirement satisfied where defendant could witness deposition by live video feed and participate with defense counsel by private telephone connection during remote depositions).
[35] Dkt. 270 at 2.
[36] Dkt. 273 at 8–9.
[37] *Id.* at 2, 10.
[38] *See* Dkt. 274 at 2; Dkt. 274-1; Dkt. 274-2 at 1.