IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>v.<br><br>ALANDO MARK MODESTE,<br><br>      Defendant. | Case No. 3:19-cr-00072-TMB-MMS<br><br>**ORDER REGARDING<br>MOTION FOR RECUSAL<br>[DKT. 285]** |

## I. MOTION PRESENTED

Before the Court is Alando Mark Modeste's ("Modeste") Motion for Recusal pursuant to 28 U.S.C. § 144 and § 455 (the "Motion") seeking recusal of United States Magistrate Judge Matthew M. Scoble and United States District Judge Timothy M. Burgess ("Judge Burgess").[1] For the purposes of this Order, the Court addresses only those arguments pertaining to Judge Burgess. Attached to the Motion are an Affidavit of Modeste (the "Affidavit");[2] and a Complaint of Judicial Misconduct or Disability to the Judicial Council of the Ninth Circuit (the "Complaint").[3] The Government opposes the Motion.[4] For the following reasons, the Court **DENIES** the Motion.

---

[1] Dkt. 285 (Motion for Recusal).
[2] Dkt. 285-1 (Affidavit of Alando Mark Modeste).
[3] Dkt. 285-2 (Complaint of Judicial Misconduct or Disability to the Judicial Council of the Ninth Circuit).
[4] Dkt. 289 (Government Response in Opposition).

## II. INTRODUCTION

In his Motion, Modeste asserts that Judge Burgess deprived him of the right to a fair trial by, among other things, failing to "correct manifest injustices" in the Magistrate Judge's Report and Recommendations;[5] failing to be an "impartial decisionmaker";[6] and harboring "deep seated favoritism for the Government."[7] Specifically, Modeste alleges that Judge Burgess "failed to correct" the Magistrate Judge's "clearly erroneous orders, and reports and recommendations" mainly concerning the records, or lack thereof, of K-9 Donna's training and certification by the Alaska State Troopers and a connection with similar evidence allegedly admitted in a different criminal matter before Judge Joshua M. Kindred.[8] In Modeste's view, Judge Burgess "ignored exculpatory and impeaching evidence";[9] "failed to consider and weigh relevant evidence";[10] and failed to conduct and perform proper *de novo* reviews.[11]

The Government opposes, noting that the Motion attempts to show Judge Burgess's bias through adverse rulings, which alone cannot serve as a basis for recusal.[12] Given this, the Government asserts "the proper avenue to address these perceived errors is appeal[,] not seeking recusal."[13]

---

[5] Dkt. 285 at 2.
[6] *Id.* at 1.
[7] *Id.* at 2; *see also* Dkt. 285-2 at 3.
[8] Dkt. 285-1 at 4-6 (citing *United States v. Conner*, 3:20-cr-00002 JMK).
[9] Dkt. 285 at 21.
[10] *Id.* at 22.
[11] *Id.* at 16.
[12] Dkt. 289 at 1.
[13] *Id.* at 3.

## III. LEGAL STANDARD

Title 28 Section 144 of the United States Code provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.[14]

Section 455 provides in relevant part "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."[15] By its terms, § 144 applies only to district judges, whereas § 455 applies to *any* "justice, judge, or magistrate judge of the United States."[16]

While the substantive test for bias or prejudice is identical in the two recusal statutes, the procedural requirements differ.[17] While § 144 expressly requires the filing of a timely and legally sufficient affidavit, § 455 does not require any procedural prerequisites and is self-enforcing on the part of the judge.[18]

## IV. DISCUSSION

For the following reasons, the Court DENIES Modeste's Motion because neither 28 U.S.C. § 455 nor 28 U.S.C. § 144 require Judge Burgess's recusal.

---

[14] 28 U.S.C. § 144.
[15] 28 U.S.C. § 455(a).
[16] *Compare* 28 U.S.C. § 144 ("Whenever a party to *any proceeding in a district court* makes and files a timely and sufficient affidavit that *the judge before whom the matter is pending* . . . " ) (emphasis added) *with* 28 U.S.C. § 455(a) ("Any justice, judge, or magistrate judge of the United States shall disqualify himself . . .").
[17] *See United States v. Sibla*, 624 F.2d 864, 867 (9th Cir. 1980) ("The test for personal bias or prejudice in section 144 is identical to that in section 455(b)(1), and the decisions interpreting this language in section 144 are controlling in the interpretation of section 455(b)(1).")
[18] *See id.* at 867–68.

## A. Judge Burgess' recusal is not required under 28 U.S.C. § 455.

The Motion raises no "genuine question" concerning Judge Burgess' impartiality under § 455.

"Recusal is required whenever there exists a genuine question concerning a judge's impartiality."[19] To determine whether a judge is biased, one must ask "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned."[20] Section 455 only requires recusal where "a reasonable person perceives a significant risk that the judge will resolve the case on a basis other than the merits."[21] A "reasonable person" is "not one who is hypersensitive or unduly suspicious, but rather is a well-informed, thoughtful observer."[22] "The standard must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice."[23]

Moreover, application of § 455 is constrained by the "extrajudicial source" factor, which requires that recusal be based on "something other than rulings, opinions formed or statements made by the judge during the course of trial."[24] "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion," and can only in the

---

[19] *Liteky v. United States*, 510 U.S. 540, 552 (1994).
[20] *United States v. Holland*, 519 F.3d 909, 913 (9th Cir. 2008) (quoting *Clemens v. U.S. Dist. Ct.*, 428 F.3d 1175, 1178 (9th Cir. 2005)).
[21] *Id.*
[22] *Id.* (internal quotations omitted) (quoting *In re Mason*, 916 F.2d 384, 386 (7th Cir. 1990)).
[23] *Id.* (internal quotations omitted) (quoting *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993)).
[24] *Id.* at 914 (citing *Liteky v. United States*, 510 U.S. 540, 554–56 (1994)).

"rarest of circumstances" provide the sole basis for recusal under § 455.[25] Such rulings and opinions based on facts introduced at trial "do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible."[26]

Here, Modeste has not demonstrated that Judge Burgess' impartiality might be reasonably questioned to warrant recusal under § 455. Modeste alleges that the Court denied him his right to a fair trial by "deliberately overlook[ing]/ignor[ing] relevant evidence" and by issuing rulings on various motions that were "unsupported by facts within the records and [in violation of] clearly established law."[27] These issues with Judge Burgess's rulings do not raise a "genuine question concerning [Judge Burgess'] impartiality," nor do they suggest that he has "a direct, personal, or substantial connection to the outcome of [the] case."[28] Instead, Modeste's claims are grounded solely in "rulings, opinions formed or statements made by [Judge Burgess] during the course of trial,"[29] which do not alone provide proper grounds for recusal.[30] Modeste does not identify any extrajudicial source to support his claims, and the judicial rulings and opinions he cites do not demonstrate "deep-seated favoritism or antagonism that would make fair judgment

---

[25] *Liteky*, 510 U.S. at 555.
[26] *Id.*
[27] Dkt. 285 at 16.
[28] *Liteky*, 510 U.S. at 552; *In re Complaint of Jud. Misconduct*, 816 F.3d 1266, 1267 (9th Cir. 2016).
[29] *United States v. Holland*, 519 F.3d 909, 913 (9th Cir. 2008).
[30] *Liteky*, 510 U.S. at 555 ("First, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion . . . Almost invariably, they are proper grounds for appeal, not for recusal.").

impossible."[31]

Therefore, the Motion raises no "genuine question" of Judge Burgess' impartiality as would require his recusal under § 455.

*B. Judge Burgess' recusal is not required under 28 U.S.C. § 144.*

Under § 144, the Motion to recuse Judge Burgess is untimely and legally insufficient.

1. <u>The Motion is untimely under § 144.</u>

The Court finds that the Affidavit supporting Modeste's Motion to recuse Judge Burgess under § 144 is untimely. "Section 144 expressly conditions relief upon the filing of a timely and legally sufficient affidavit."[32] The plain terms of § 144 require a party to "file[] a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party."[33] "The affidavit . . . shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time."[34]

Here, Modeste filed the Affidavit outside the proper timeframe but has not made a showing of good cause for failure to file it within the timeframe designated by § 144. The untimeliness alone constitutes a basis for denying Modeste's Motion to recuse Judge

---

[31] *Liteky*, 510 U.S. at 555.
[32] *United States v. Sibla*, 624 F.2d 864, 867 (9th Cir. 1980).
[33] 28 U.S.C. § 144.
[34] *Id.*

Burgess under § 144.

2. <u>Modeste's Affidavit is legally insufficient.</u>

Even if Modeste's Affidavit were timely filed, it is legally insufficient. A legally sufficient affidavit must "state the facts and the reasons for the belief that bias or prejudice exists."[35] "[G]eneral or conclusory allegations will not support disqualification."[36] Rather, "the affidavit must . . . set forth the identifying facts of times, places, persons, occasions and circumstances with the particularity that would be reasonably expected in a bill of particulars."[37] "An affidavit . . . is not legally sufficient unless it specifically alleges facts that fairly support the contention that the judge exhibits bias or prejudice directed toward a party that stems from an extrajudicial source."[38] Affidavits that contain only the affiant's "conclusions" and are otherwise "devoid of specific fact allegations tending to show personal bias stemming from an extrajudicial source" are not legally sufficient to warrant recusal under § 144.[39] Further, "alleg[ations] [of] bias and prejudice arising out of a judicial action" are generally "not . . . proper ground[s] upon which to disqualify a judge."[40]

"A judge finding a § 144 motion timely and the affidavit legally sufficient must proceed no further and another judge must be assigned to hear the matter."[41] But if a judge

---

[35] *Id.*
[36] *United States v. Zagari*, 419 F. Supp. 494, 501 (N.D. Cal. 1976).
[37] *Id.*
[38] *United States v. Sibla*, 624 F.2d 864, 868 (9th Cir. 1980).
[39] *Id.*
[40] *Marks v. Askew*, No. C 11-3851 SBA, 2012 WL 70623, at *1–2 (N.D. Cal. Jan. 9, 2012) (finding allegations of bias and prejudice stemming from order denying affiant's request to e-file improper bases for recusal).
[41] *Marks*, 2012 WL 70623, at *1–2 (citing 28 U.S.C. § 144; *Sibla*, 624 F.2d at 867).

finds the affidavit is not legally sufficient, the judge who is the subject of the recusal matter may determine the matter and "recusal is simply denied."[42] Because 28 U.S.C. § 144 is "heavily weighted in favor of recusal," these requirements are "strictly construed to prevent abuse."[43]

Here, Modeste's Affidavit in support of his Motion is legally insufficient. Modeste alleges that Judge Burgess "harbors personal bias," "show[s] [Modeste] disparate treatment," "harbor[s] partiality for law enforcement officers in Alaska," and has "a secret understanding with [the] United States Attorney's Office."[44] But Modeste's only proffered basis for these allegations are a series of judicial actions adverse to Modeste, and do not allege specific facts showing personal bias or prejudice from an extrajudicial source. Thus, the Affidavit fails to "specifically allege[] facts that fairly support the contention that [Judge Burgess] exhibits bias or prejudice directed toward [Modeste] that stems from an extrajudicial source."[45] Therefore, the Court finds that the Motion is legally insufficient to require Judge Burgess's recusal under § 144.

Having thus concluded Modeste's Affidavit is both untimely and legally insufficient, Modeste's Motion to recuse under § 144 is DENIED.

---

[42] *See id.*
[43] *Id.* (citing *Hoffman v. Caterpillar, Inc.*, 368 F.3d 709, 718 (7th Cir. 2004); *United States v. Burger*, 964 F.2d 1065, 1070 (10th Cir. 1992)); *see also United States v. Zagari*, 419 F. Supp. 494, 501 (N.D. Cal. 1976) ("The affidavit is strictly construed for sufficiency against the party seeking disqualification.").
[44] Dkt. 285-2 at 9–10.
[45] *Sibla*, 624 F.2d at 868; *Marks*, 2012 WL 70623, at *1–2.

## V. CONCLUSION

For the foregoing reasons, finding no basis for Judge Burgess's recusal under either 18 U.S.C. § 455 or 18 U.S.C. §144, the Court DENIES Modeste's Motion to Recuse at Docket 285.

IT IS SO ORDERED.

Dated at Anchorage, Alaska, this 26th day of April, 2024.

/s/ *Timothy M. Burgess*
TIMOTHY M. BURGESS
UNITED STATES DISTRICT JUDGE